Curia, per Johnston, Chancellor.
From the brief which states the facts correctly, it appears that the conditional appointment, made February term, 1836, was of two persons, as joint trustees.
The motion at January term, 1839, was to invest one of them, with the trusts. The court, in refusing it, did not decline to carry into execution the order previously made, but to alter and modify it. •
If the petitioner had applied originally, to be appointed sole trustee to his own wife, the application would have been unhesitatingly refused. In some few instances where such appointments have been inadvertently made, the consequences have been too *295 disastrous not to have left the deepest conviction of their impropriety.
Haynesworth, for the motion.
It is certainly extraordinary that a tribunal, one of whose peculiar functions consists in securing the interests of, the' wife against the husband, should be asked to become the instrument for deliv-ing the separate property of the former, which it is bound to protect, into the hands of the latter, against whose power and control it is its duty to guard it.
The husband should never be introduced, either alone or in conjunction with others, into the execution of a trust for the wife : and it is distinctly and deliberately announced that this is a principle from which the court will not knowingly depart..
It is said that the order of 1836 stands in the way, and obstructs the appointment of other trustees. It is, therefore ordered that it be rescinded.
It is further ordered that the motion be dismissed.
David Johnson and Dunkin, Chancellors, concurred.